UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| AMBER KELLEHER,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>JOHN E. KELLEHER, et al.,<br><br>　　　　Defendants. | Case No. 13-cv-05450-MEJ<br><br>**ORDER RE: MOTION TO DISMISS**<br><br>Re: Dkt. No. 11 |

## INTRODUCTION

Plaintiff Amber Kelleher ("Plaintiff") seeks the return of certain assets from Defendants John E. Kelleher, John C. Dean, Alice S. Dean, and Ann Wells that she alleges her ex-husband, Daniel Kelleher ("DK"), fraudulently transferred to them. Pending before the Court is John and Alice Deans' Motion to Dismiss pursuant to Federal Rule of Civil Procedure ("Rule") 12(b)(6).[1] Dkt. No. 11. The Court finds this Motion suitable for disposition without oral argument and VACATES the January 23, 2014 hearing. Civ. L.R. 7-1(b). Having considered the parties' papers, relevant legal authority, and the record in this case, the Court GRANTS IN PART and DENIES IN PART the Deans' Motion for the reasons set forth below.

## REQUESTS FOR JUDICIAL NOTICE

As a preliminary matter, the parties have requested that the Court take judicial notice of certain documents. The Deans request that the Court take judicial notice of the following: (1) Plaintiff's Complaint in this case, filed November 25, 2013; (2) Death Certificate of Ann R. Wells, deceased; (3) Petition to Probate Will of Defendant Ann R. Wells; and (4) Georgia Code Sections

---

[1] As part of their Motion, Defendants request that the Court drop and dismiss Defendant Ann R. Wells, deceased, from this case. However, Plaintiff dismissed Wells from the case on January 2, 2014, and the issue is now moot. Dkt. No. 16.

9-2-40, 53-7-40, 53-7-41, 53-7-42, and 53-7-43. Dkt. No. 13. Plaintiff requests that the Court take judicial notice of the following: (1) *Findings of Facts, Conclusions of Law, and Order Regarding Respondent's Motion to Conduct Additional Discovery and to Award Additional Assets,* entered 30 April 2013 in the Montana Eleventh Judicial District Court for Flathead County, Case No. DR-07-499(B); and (2) *Final Order and Judgment*, entered 16 October 2013 in the Montana Eleventh Judicial District Court for Flathead County, Case No. DR-07-499(B). Dkt. No. 17.

Generally, a court may not look to matters beyond the complaint without converting a motion to dismiss into one for summary judgment. *Datel Holdings Ltd. v. Microsoft Corp.*, 712 F. Supp. 2d 974, 983 (N.D. Cal. 2010) (citations omitted). However, a court may take judicial notice of "material which is either submitted as part of the complaint or necessarily relied upon by the complaint," as well as "matters of public record." *Id.* Under Federal Rule of Evidence 201, "[t]he court may judicially notice a fact that is not subject to reasonable dispute because it: (1) is generally known within the trial court's territorial jurisdiction; or (2) can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned." Fed. R. Evid. 201(b).

A "high degree of indisputability is the essential prerequisite" to taking judicial notice and "the tradition [of taking judicial notice] has been one of caution in requiring that the matter be beyond reasonable controversy." Fed. R. Evid. 201(a) & (b) advisory committee's notes. A court, then, may take judicial notice of undisputed facts contained in public records, but it may not take judicial notice of disputed ones. *Lee v. City of Los Angeles*, 250 F.3d 668, 689-90 (9th Cir. 2001); *Lee v. Bender*, 2005 WL 1388968, at *8 (N.D. Cal. May 11, 2005) ("Court filings and orders are the type of documents that are properly noticed under Federal Rule of Evidence 201. Notice can be taken, however, 'only for the limited purpose of recognizing the judicial act that the order [or filing] represents on the subject matter of the litigation.'") (quoting *United States v. Jones*, 29 F.3d 1549, 1553 (11th Cir. 1994) (citation and internal quotation marks omitted)).

As to the Deans' request, the Court finds it proper to take judicial notice of Plaintiff's Complaint, but only for the limited purpose of recognizing the judicial act that the filing represents

on the subject matter of the litigation.² *Bender*, 2005 WL 1388968, at *8. Accordingly, this request is GRANTED. As to the Death Certificate of Ann R. Wells and Petition to Probate Will of Defendant Ann R. Wells, Plaintiff dismissed Wells from the case on January 2, 2014, and any issues related to her are now moot. Accordingly, this request is DENIED as moot. As to Georgia Code Sections 9-2-40, 53-7-40, 53-7-41, 53-7-42, and 53-7-43, it is well established that the Court may properly take judicial notice of state statutes. *Lamar v. Micou*, 114 U.S. 218, 223 (1885) ("The law of any state of the Union, whether depending upon statutes or upon judicial opinions, is a matter of which the courts of the United States are bound to take judicial notice without plea or proof.") Accordingly, this request is GRANTED.

As to Plaintiff's request, the Court may also take judicial notice of the Montana Court orders because they are court records. Judicial notice may be taken of any court of this state or the United States. *Fazio v. Reconstruct Co., N.A.*, 2013 WL 1962336, at *2 (N.D. Cal. May 10, 2013) (citing Cal. Evid. Code § 452(c), (d); *Aaronoff v. Martinez–Senftner*, 136 Cal. App. 4th 910, 918 (2006); *Dugall v. G.E. Commc'ns Servs., Inc.*, 81 Cal. App. 4th 81, 86 (2000)). However, "[o]n a Rule 12(b)(6) motion to dismiss, when a court takes judicial notice of another court's opinion, it may do so 'not for the truth of the facts recited therein, but for the existence of the opinion, which is not subject to reasonable dispute over its authenticity.'" *Lee*, 250 F.3d at 690 (quoting *S. Cross Overseas Agencies, Inc. v. Wah Kwong Shipping Group Ltd.*, 181 F.3d 410, 426–27 (3d Cir. 1999)). Accordingly, Plaintiff's request is GRANTED, but only for the existence of the opinions and not for the truth of the facts recited therein.

## BACKGROUND

Plaintiff and DK divorced in March 2008. Compl. ¶ 11. At the time of their divorce, they entered into a Marital Property and Settlement Agreement ("MPSA"), wherein DK agreed to certain obligations, including paying $30,000 per month to fund the operations of a ranch located in Montana, which Plaintiff and DK each owned as 50% beneficiaries. *Id.* ¶¶ 12, 13. In February 2010, DK defaulted on his obligations under the MPSA. *Id.* ¶ 15. In addition to his default,

---

² Regardless, as discussed below, the Court must accept all factual allegations in the Complaint as true for purposes of this Motion.

1  Plaintiff alleges that DK defrauded her in a number of ways, including failing to disclose his
2  ownership of shares and/or interests in various companies. *Id.* ¶¶ 17, 25-47.  Plaintiff claims that
3  DK transferred these assets to Defendants after his default, between December 31, 2010 and
4  January 29, 2011, without disclosing the transfers to her or otherwise publicly disclosing them. *Id.*
5  ¶¶ 25-47, 52, 54.  Plaintiff refers to Defendants as "insiders" – John Kelleher is DK's brother, Ann
6  Wells had a close personal relationship with him, and the Deans have a close personal and
7  business relationship with him. *Id.* ¶ 51.  DK is not a party to this action – Plaintiff alleges that he
8  transferred substantial sums of money and absconded to China. *Id.* ¶ 57.

In an order issued on October 16, 2013, the Montana Eleventh Judicial District Court awarded Plaintiff $962,576.14 against DK and set the MPSA aside on the grounds of perjury. Req. for Jud. Not., Ex. B at 12, Dkt. No. 17-2.  As to the assets transferred to Defendants, the Montana Court awarded them to Plaintiff *nunc pro tunc* as of March 17, 2008.  *Id.* at 13.  Plaintiff demanded that Defendants return the assets to her, but they ignored her demands.  Compl. ¶ 70.

Plaintiff filed the present Complaint on November 25, 2013.  Dkt. No. 1.  She alleges six causes of action against all named Defendants: (1) Actual Fraudulent Transfer under California Civil Code section 3439.04; (2) Constructive Fraudulent Transfer under California Civil Code section 3439.05; (3) Common Law Fraudulent Transfer; (4) Unjust Enrichment; (5) Replevin; and (6) Breach of Constructive Trust.  Compl. ¶¶ 71-95.

On December 20, 2013, the Deans filed the present Motion to Dismiss.  Dkt. No. 11.  In their Motion, the Deans argue that: (1) Plaintiff has failed to allege facts sufficient to state a claim for fraudulent conveyance, as she has failed to satisfy the heightened pleading requirement of Rule 9(b); (2) unjust enrichment is a remedy, not a cause of action; (3) Plaintiff has failed to state a claim for replevin because intangible ownership interests may not be replevied; and (4) Plaintiff cannot state an independent cause of action for constructive trust because California law does not recognize such an action.

Plaintiff filed her Opposition on January 3, 2014.  Dkt. No. 19.  Plaintiff argues that: (1) Rule 9(b) does not require a fraudulent transfer be pled with specificity because it is not a fraud cause of action; (2) unjust enrichment is an action in quasi-contract; (3) she should be allowed to

4

United States District Court
Northern District of California

1  pursue her replevin claim until it is established whether the interests are certificated interests or
2  not; and (4) breach of constructive trust is a proper cause of action.

**LEGAL STANDARD**

Under Federal Rule of Civil Procedure ("Rule") 12(b)(6), a party may file a motion to dismiss based on the failure to state a claim upon which relief may be granted. A Rule 12(b)(6) motion challenges the sufficiency of a complaint as failing to allege "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). A facial plausibility standard is not a "probability requirement" but mandates "more than a sheer possibility that a defendant has acted unlawfully." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (internal quotations and citations omitted). For purposes of ruling on a Rule 12(b)(6) motion, the court "accept[s] factual allegations in the complaint as true and construe[s] the pleadings in the light most favorable to the non-moving party." *Manzarek v. St. Paul Fire & Marine Ins. Co.*, 519 F.3d 1025, 1031 (9th Cir. 2008). "[D]ismissal may be based on either a lack of a cognizable legal theory or the absence of sufficient facts alleged under a cognizable legal theory." *Johnson v. Riverside Healthcare Sys.*, 534 F.3d 1116, 1121 (9th Cir. 2008) (internal quotations and citations omitted); *see also Neitzke v. Williams*, 490 U.S. 319, 326 (1989) ("Rule 12(b)(6) authorizes a court to dismiss a claim on the basis of a dispositive issue of law").

Even under the liberal pleading standard of Rule 8(a)(2), under which a party is only required to make "a short and plain statement of the claim showing that the pleader is entitled to relief," a "pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'" *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 555.) "[C]onclusory allegations of law and unwarranted inferences are insufficient to defeat a motion to dismiss." *Adams v. Johnson*, 355 F.3d 1179, 1183 (9th Cir. 2004); *see also Starr v. Baca*, 652 F.3d 1202, 1216 (9th Cir. 2011) ("[A]llegations in a complaint or counterclaim may not simply recite the elements of a cause of action, but must contain sufficient allegations of underlying facts to give fair notice and to enable the opposing party to defend itself effectively"). The court must be able to "draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 663. "Determining whether a complaint states a plausible claim for relief . . .

1  [is] a context-specific task that requires the reviewing court to draw on its judicial experience and
2  common sense." *Id.* at 663-64.
3  If a Rule 12(b)(6) motion is granted, the "court should grant leave to amend even if no
4  request to amend the pleading was made, unless it determines that the pleading could not possibly
5  be cured by the allegation of other facts." *Lopez v. Smith*, 203 F.3d 1122, 1127 (9th Cir. 2000) (en
6  banc) (internal quotation marks and citations omitted).

## DISCUSSION

### A. Fraudulent Transfer Claims

Plaintiff brings three claims for fraudulent transfer – actual, constructive, and common law. Compl. ¶¶ 71-84. In each cause of action, Plaintiff alleges that DK transferred the assets to Defendants for the purpose of defrauding her, the transfers were made to "insiders," and DK owed certain claims to Plaintiff before the transfers were made. *Id.*

In their Motion, the Deans argue that Plaintiff's fraudulent transfer claims must be dismissed because she fails to meet the heightened pleading standard of Rule 9(b). Mot. at 3. In response, Plaintiff argues that Rule 9(b) does not apply to fraudulent transfers. Opp'n at 9-17. And, even if it did, Plaintiff contends that she has met the particularity requirement. *Id.* at 17-21.

"A transfer of assets made by a debtor is fraudulent as to a creditor, whether the creditor's claim arose before or after the transfer, if the debtor made the transfer (1) with an actual intent to hinder, delay, or defraud any creditor, or (2) without receiving reasonably equivalent value in return, and either (a) was engaged in or about to engage in a business or transaction for which the debtor's assets were unreasonably small, or (b) intended to, or reasonably believed, or reasonably should have believed, that he or she would incur debts beyond his or her ability to pay as they became due." *Cortez v. Vogt*, 52 Cal. App. 4th 917, 928 (1997) (internal citations omitted); *see also* Cal. Civ. Code § 3439.04; *Moses v. Innoprise Software*, 2013 WL 6019536, at *8 (N.D. Cal. Nov. 13, 2013). In determining whether a debtor transferred assets with fraudulent intent, a court considers:

> (1) Whether the transfer or obligation was to an insider. (2) Whether the debtor retained possession or control of the property transferred after the transfer. (3) Whether the transfer or obligation was

6

> disclosed or concealed. (4) Whether before the transfer was made or obligation was incurred, the debtor had been sued or threatened with suit. (5) Whether the transfer was of substantially all the debtor's assets. (6) Whether the debtor absconded. (7) Whether the debtor removed or concealed assets. (8) Whether the value of the consideration received by the debtor was reasonably equivalent to the value of the asset transferred or the amount of the obligation incurred. (9) Whether the debtor was insolvent or became insolvent shortly after the transfer was made or the obligation was incurred. (10) Whether the transfer occurred shortly before or shortly after a substantial debt was incurred. (11) Whether the debtor transferred the essential assets of the business to a lienholder who transferred the assets to an insider of the debtor.

Cal. Civ. Code § 3439.04(b).

Similar to section 3439.04, section 3439.05 provides for a cause of action for constructive fraudulent conveyance as:

> A transfer made or obligation incurred by a debtor is fraudulent as to a creditor whose claim arose before the transfer was made or the obligation was incurred if the debtor made the transfer or incurred the obligation without receiving a reasonably equivalent value in exchange for the transfer or obligation and the debtor was insolvent at that time or the debtor became insolvent as a result of the transfer or obligation.

Cal. Civ. Code § 3439.05.

Claims for actual fraudulent transfer and constructive fraudulent transfer "may be asserted as alternative theories of liability . . . ." *Hyosung (Am.), Inc. v. Hantle USA, Inc.*, 2011 WL 835781, at *6 (N.D. Cal. Mar. 4, 2011); *Liberty Mut. Ins. Co. v. Hoge*, 2005 WL 756568, at *4 (N.D. Cal. Apr. 1, 2005); *see also Mejia v. Reed*, 31 Cal.4th 657, 664 (2003) ("Even without actual fraudulent intent, a transfer may be fraudulent as to present creditors if the debtor did not receive 'a reasonably equivalent value in exchange for the transfer' and 'the debtor was insolvent at that time or the debtor became insolvent as a result of the transfer or obligation.' ").

Here, Plaintiff alleges that Defendants received assets from DK, the debtor, and that he made the transfer with the actual intent to hinder, delay, or defraud. Despite this, Plaintiff's fraudulent transfer claim would appear to fail as applied to the Deans because they were not debtors of Plaintiff when any transfer was made. A fraudulent transfer claim relates to a transfer of assets made by a debtor and focuses on the debtor's intent. *Moses*, 2013 WL 6019536, at *9. Plaintiff acknowledges that DK is the debtor in this context, not the Deans. Compl. ¶ 1. Thus,

7

1  because the Deans were not Plaintiff's debtors at the time of the transfers alleged in her
2  Complaint, Plaintiff cannot state a claim for fraudulent transfer *against them as debtors*. *Moses*,
3  2013 WL 6019536, at *9.
4        However, the requirements of the fraudulent conveyance statute provide for liability if the
5  transferee colluded with the debtor or otherwise actively participate in the fraudulent scheme of
6  the debtor. *Lewis v. Superior Court*, 30 Cal. App. 4th 1850, 1858 (1994) (citations omitted).
7  ("'Fraudulent intent,' 'collusion,' 'active participation,' 'fraudulent scheme' – this is the language
8  of *deliberate wrongful conduct*.") (emphasis in original). Plaintiff alleges that Defendants,
9  including the Deans, were "insiders" that had close relationships with DK. Compl. ¶ 51. Based
10 on these allegations, the Court finds that Plaintiff has provided enough facts to state a claim to
11 relief that is plausible on its face.
12       Next, the Court must consider whether Plaintiff's fraudulent transfer causes of action must
13 comply with the heightened pleading standard for actual fraud provided in Rule 9(b).
14       1.     <u>Actual Fraudulent Transfer</u>
15       "Because a claim for actual fraudulent transfer involves an allegation of fraud or mistake,
16 it is subject to Federal Rule of Civil Procedure 9(b), which requires a party to 'state with
17 particularity the circumstances constituting fraud or mistake' and is applied by a federal court to
18 both federal law and state law claims. *Martinez v. CACH, LLC*, 2011 WL 10730991, at *2 (S.D.
19 Cal. Oct. 17, 2011) (citing *Yess v. Ciba–Geigy Corp. USA*, 317 F.3d 1097, 1102-03 (9th Cir.
20 2003)). Thus, Plaintiff's Complaint must plead with particularity the circumstances surrounding
21 the fraud or mistake. *Kearns v. Ford Motor Co.*, 567 F.3d 1120, 1124 (9th Cir. 2009). To satisfy
22 the heightened standard, allegations must be "specific enough to give defendants notice of the
23 particular misconduct which is alleged to constitute the fraud charged so that they can defend
24 against the charge and not just deny that they have done anything wrong." *Semegen v. Weidner*,
25 780 F.2d 727, 731 (9th Cir. 1985). This includes "the who, what, when, where, and how of the
26 misconduct charged." *Yess*, 317 F.3d at 1106. Thus, claims sounding in fraud must allege "an
27 account of the time, place, and specific content of the false representations as well as the identities
28 of the parties to the misrepresentations." *Swartz v. KPMG LLP*, 476 F.3d 756, 764 (9th Cir. 2007)

1  (per curiam) (internal quotations omitted).

2  Although Plaintiff alleges that DK defrauded her and that Defendants are "insiders" that have personal relationships with him, nowhere in the Complaint does Plaintiff describe conduct on Defendants' part that constitutes fraud. Plaintiff must provide an account of the time, place, and specific content of the false representations, not just the identities of the parties to the misrepresentations. *Swartz*, 476 F.3d at 764. Without this particularized showing of the circumstances constituting actual fraud on the part of the named Defendants, the Court finds that the allegations in the Complaint fail to satisfy the pleading requirements of Rule 9(b).[3] The Court therefore GRANTS the Deans' Motion to Dismiss the actual fraudulent transfer claim against them with leave to amend.

   2.  <u>Constructive Fraudulent Transfer</u>

A cause of action for constructive fraudulent conveyance is not subject to Rule 9(b) because it does not include an element of fraud. *Hyosung (Am.), Inc,* 2011 WL 835781, at *6; *Sunnyside Devel. Co. LLC v. Cambridge Display Tech. Ltd.*, 2008 WL 4450328, at *9 (N.D. Cal. Sept. 29, 2008) ("Its label notwithstanding, an alleged violation of section 3439.05 does not 'sound in fraud,' because the claim focuses entirely on the transaction at issue and does not include elements of knowledge, intent, or purpose."); *Liberty Mut. Ins. Co.*, 2005 WL 756568, at *4 (noting that the "key distinction" between an actual fraudulent transfer claim and a constructive fraudulent transfer claim "is that the former requires an inquiry into the debtor's intent while the latter requires a calculation of insolvency."). Accordingly, because Plaintiff's Complaint meets

---

[3] Plaintiff raises the argument that her fraudulent transfer claims are proper because they comply with the requirements of Federal Rule of Civil Procedure Form 21, Opp'n at 8-9. Form 21, which is contained in the Appendix of Forms attached to the Federal Rules of Civil Procedure, requires Plaintiff merely to identify the underlying debt and the allegedly fraudulent transfer. Fed. R. Civ. P. Form 21. However, the Court does not agree that Form 21 obviates the heightened pleading requirements for fraud under Rule 9(b). *See Bank of Am., N.A. v. A & M Dev., LLC,* 2012 WL 1883460, at *3 (D. Idaho May 21, 2012) ("By its own terms, Form 21 is designed to illustrate a 'Claim . . . to Set Aside a Fraudulent Conveyance . . . . Moreover, the advisory committee notes following Rule 84 suggest that the purpose of providing the Forms was to prevent litigants from having to guess the meaning of the language of Rule 8 regarding the form of the complaint. The Court can find no controlling authority indicating that the Forms were intended to address the heightened pleading standard set forth in Rule 9(b).") Accordingly, the Court declines to hold that a claim sufficient to complete Form 21 satisfies Rule 9(b) as a matter of law.

9

the requirements of Rule 8, the Court DENIES the Deans' Motion to Dismiss the constructive fraudulent transfer claim against them.

### 3. Common Law Fraudulent Transfer

Plaintiff also brings a separate cause of action for common law fraudulent transfer, citing to *Macedo v. Bosio*, 86 Cal. App. 4th 1044 (2001). As stated in *Macedo,* "[section 3439] is not the exclusive remedy by which fraudulent conveyances and transfers may be attacked. They may also be attacked by, as it were, a common law action." *Id.* at 1051; *see also Roach v. Lee*, 369 F. Supp. 2d 1194, 1198-99 (C.D. Cal. 2005) (a claim under section 3439 does not preclude a common law fraudulent transfer claim). The Deans do not directly address Plaintiff's common law fraudulent transfer claim. However, the elements for a fraudulent transfer claim under common law are the same as under section 3439. *Hyosung (Am.), Inc.*, 2011 WL 835781, at *7; *Arluk Med. Ctr. Indus. Group, Inc. v. Dobler*, 116 Cal. App. 4th 1324, 1340 (2004). Thus, the same analysis applies to both causes of action and Plaintiff must make a particularized showing of the circumstances constituting actual fraud on the part of the named Defendants. The Court therefore GRANTS the Deans' Motion to Dismiss the common law fraudulent transfer claim against them with leave to amend.

## B. Unjust Enrichment

Plaintiff alleges that, while holding the assets transferred from DK, Defendants have received and been enriched by certain benefits in the way of dividends and distributions from said assets. Compl. ¶ 86. She seeks restitution equal to the greater of the fair market value of the assets as of the dates of the transfers or the fair market value of the assets as of the date this Court enters judgment. *Id.* ¶ 88.

In their Motion, the Deans argue that unjust enrichment is not an independent cause of action because it is duplicative of relief already available under other legal doctrines. Mot. at 8. As Plaintiff's claim for unjust enrichment is premised on her fraudulent conveyance claims, the Deans argue that it "is a mere superlusage of remedies available under those . . . claims." *Id.* In response, Plaintiff argues that unjust enrichment claims are properly treated as claims arising in quasi-contract. Opp'n at 21.

Contrary to the Deans' argument, there have been cases in which courts have allowed causes of action for unjust enrichment to proceed. *W. Pac. R. Corp. v. W. Pac. R. Co.*, 206 F.2d 495, 498 (9th Cir. 1953). However, California courts appear to be split on whether a stand alone cause of action for unjust enrichment is anything more than "a general principle, underlying various legal doctrines and remedies." *Herrington v. Johnson & Johnson Consumer Co., Inc.*, 2010 WL 3448531, at *13 (N.D. Cal. Sept. 1, 2010) (collecting cases). To the extent a claim for unjust enrichment is available, it generally requires proof of "receipt of a benefit and unjust retention of the benefit at the expense of another." *Id.* (citing *Lectrodryer v. SeoulBank*, 77 Cal. App. 4th 723, 726 (2000)). The benefits must generally be "conferred by mistake, fraud, coercion, or request; otherwise, though there is enrichment, it is not unjust." *Nibbi Bros., Inc. v. Home Fed. Sav. & Loan Ass'n*, 205 Cal. App. 3d 1415, 1422 (1988) (citation omitted). The claim is, in essence, quasi-contractual. *Pinel v. Aurora Loan Serv., LLC*, 814 F. Supp. 2d 930, 944-45 (N.D. Cal. 2011); *Digital Envoy, Inc. v. Google, Inc.*, 2005 WL 2999364, at *5 (N.D. Cal. Nov. 8, 2005).

Here, the Court finds that Plaintiff's claim for unjust enrichment may be redundant of relief she seeks under her other claims, and that "such claims have the potential to cause needless confusion to the fact-finder and the Court." *Mattel, Inc. v. MGA Entm't, Inc.*, 782 F. Supp. 2d 911, 1014 (N.D. Cal. 2011). Thus, to the extent that Plaintiff ultimately is able to prevail under another theory, she will be precluded from simultaneously recovering under a theory of unjust enrichment. *Pinel*, 814 F. Supp. 2d at 944. However, the Court finds it prudent to allow this claim to proceed as, at the pleading stage, a plaintiff is entitled to plead inconsistent causes of action. *Id.* (citing Fed. R. Civ. Pro. 8(e)(2)); *Oki Am., Inc. v. Microtech Int'l, Inc.*, 872 F.2d 312, 314 (9th Cir. 1989). Plaintiff has properly pled that the Deans received a benefit and have unjustly retained the benefit to her detriment. Compl. ¶¶ 86-88. The Court therefore DENIES the Deans' Motion to Dismiss Plaintiff's claim for unjust enrichment.

**C.   Replevin**

In her cause of action for replevin, Plaintiff alleges that Defendants hold or have held assets that are rightfully hers, and that she has made demands upon Defendants for the return of the assets, but Defendants have refused to do so. Compl. ¶¶ 89-92. Plaintiff seeks an order

11

requiring Defendants to return possession of the assets to her or, alternatively, if Defendants are no longer in possession of the assets, for money damages in an amount equal to the value of the assets. *Id.* ¶ 92.

The Deans argue that Plaintiff's claim must fail because California law is clear that shares of stock cannot be replevied. Mot. at 8-9. In response, Plaintiff argues that she should be allowed to pursue her replevin claim until it is established whether the interests are certificated interests. Opp'n at 22.

Shares of stock are considered a person's intangible ownership interest in a company and therefore cannot be replevied. *Englert v. IVAC Corp.*, 92 Cal. App. 3d 178, 184 (Cal. Ct. App. 1979). However, the tangible certificates of stock which represent those shares can be replevied. *Id.* Here, Plaintiff argues that she cannot know prior to discovery whether her interests in the funds were certificated, and the Deans' attempt to dismiss at this early stage is premature. Opp'n at 22. The Court agrees and finds it appropriate to allow this cause of action to proceed at this stage in the proceedings. Accordingly, the Court DENIES the Deans' Motion to Dismiss Plaintiff's claim for replevin.

**D.    Constructive Trust**

Plaintiff alleges that the Montana Court imposed a constructive trust over the assets as of March 17, 2008, and that Defendants thereafter held the assets in a constructive trust for her benefit. Compl. ¶¶ 93-94. Plaintiff further alleges that Defendants breached their fiduciary duties as trustees of the constructive trust by not immediately turning over the assets to her as beneficiary of the trust. *Id.* ¶ 95. She seeks an order requiring Defendants to turn over the assets, or compensatory damages if Defendants are no longer in possession of them, compensatory damages for loss of use of the assets, and punitive damages for breach of trust. *Id.*

The Deans argue that constructive trust is not an independent cause of action but a remedy; as such, this cause of action is duplicative of legal theories already offered by Plaintiff and should be dismissed. Mot. at 9. In response, Plaintiff argues that the Deans confuse the issue in that she is not seeking the imposition of a constructive trust but rather she alleges breach of a constructive trust that already exists. Opp'n at 22.

1   A constructive trust is an equitable remedy that compels the transfer of wrongfully held
2   property to its rightful owner. *Communist Party of U.S. v. 522 Valencia, Inc.*, 35 Cal. App. 4th
3   980, 990 (1995) (citations omitted). "The principal circumstances where constructive trusts are
4   imposed are set forth in California Civil Code sections 2223 and 2224." *Id.* Section 2223
5   provides that "[o]ne who wrongfully detains a thing is an involuntary trustee thereof, for the
6   benefit of the owner." Cal. Civ. Code § 2223. Section 2224 states that "[o]ne who gains a thing
7   by fraud, accident, mistake, undue influence, the violation of a trust, or other wrongful act, is,
8   unless he or she has some other and better right thereto, an involuntary trustee of the thing gained,
9   for the benefit of the person who would otherwise have had it." Cal. Civ. Code § 2224. A
10  plaintiff seeking imposition of a constructive trust must show: (1) the existence of a res (property
11  or some interest in property); (2) the right of a complaining party to that res; and (3) some
12  wrongful acquisition or detention of the res by another party who is not entitled to it. *Communist
13  Party*, 35 Cal. App. 4th at 990.

14  The imposition of a constructive trust is appropriately characterized as a remedy, not an
15  independent cause of action. *Bd. of Trs. for Laborers Health & Welfare Trust Fund for N. Ca. v.
16  Hill*, 2008 WL 239184 (N.D. Cal. Jan. 28, 2008). However, courts have permitted separate causes
17  of action for constructive trust where there is fraud, breach of duty, or any other act that entitles
18  the plaintiff to some relief. *See Michaelian v. State Comp. Ins. Fund*, 50 Cal. App. 4th 1093, 1114
19  (1996); *Weiss v. Marcus*, 51 Cal. App. 3d 590, 600; *Clifford v. Concord Music Grp., Inc.*, 2012
20  WL 380744, at *4 (N.D. Cal. Feb. 6, 2012). The pleading requirements for a constructive trust
21  claim are satisfied once the plaintiff identifies the facts constituting the underlying cause of action
22  and the specific identifiable property to which the defendant has title. *Michaelian*, 50 Cal. App.
23  4th at 1114.

24  As discussed above, Plaintiff has sufficiently pled claims for fraudulent transfer. While
25  her constructive trust claim may ultimately prove redundant, she will be precluded from
26  simultaneously recovering under any redundant theory. *Pinel*, 814 F. Supp. 2d at 944.
27  Regardless, at this early stage in the pleadings, the Court finds it prudent to allow this claim to
28  proceed, given that Plaintiff is entitled to plead inconsistent causes of action. *Id.* (citing Fed. R.

Civ. Pro. 8(e)(2)); *Oki Am., Inc.*, 872 F.2d at 314. Plaintiff has properly pled the existence of a property interest in the assets and some wrongful acquisition of those assets by the Deans. Compl. ¶¶ 93-95. The Court therefore DENIES the Deans' Motion to Dismiss Plaintiff's claim for breach of constructive trust.

## CONCLUSION

Based on the analysis above, the Court GRANTS IN PART and DENIES IN PART the Deans' Motion to Dismiss. The Court GRANTS the Deans' Motion and DISMISSES Plaintiff's causes of action for Actual and Common Law Fraudulent Transfer WITH LEAVE TO AMEND. The Court DENIES the Deans' Motion as to all other causes of action. Plaintiff shall file an amended complaint by January 30, 2014.

**IT IS SO ORDERED.**

Dated: January 9, 2014

_____
MARIA-ELENA JAMES
United States Magistrate Judge