UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

AMBER KELLEHER,

Plaintiff,

v.

JOHN E. KELLEHER, et al.,

Defendants.

Case No. 13-cv-05450-MEJ

**ORDER RE: MOTION TO DISMISS**

Re: Dkt. No. 31

# INTRODUCTION

Plaintiff Amber Kelleher ("Plaintiff") seeks the return of certain assets from Defendants John E. Kelleher ("JK"), John C. Dean, and Alice S. Dean (collectively, "Defendants") that she alleges her ex-husband, Daniel Kelleher ("DK"), fraudulently transferred to them. Pending before the Court is JK's Motion to Dismiss pursuant to Federal Rule of Civil Procedure ("Rule") 12(b)(6). Dkt. No. 31. The Court finds this Motion suitable for disposition without oral argument and VACATES the April 3, 2014 hearing. Civ. L.R. 7-1(b). Having considered the parties' papers, relevant legal authority, and the record in this case, the Court DENIES JK's Motion.

# BACKGROUND

On March 10, 2008, Plaintiff and DK entered into a Martial and Property Settlement Agreement ("MPSA") as part of their divorce proceedings.[1] First. Am. Compl. ("FAC") ¶¶ 1, 10.

---

[1] The MPSA is not attached to Plaintiff's FAC. However, JK included the MPSA as part of his Motion. Mot., Ex. A. The MPSA, dated March 10, 2008, is signed by Plaintiff and DK and referenced throughout Plaintiff's FAC. While a district court generally may not consider any material beyond the pleadings in ruling on a Rule 12(b)(6) motion, a court may take judicial notice of documents referenced in the complaint without converting a motion to dismiss into one for summary judgment. *Lee v. City of L.A.*, 250 F.3d 668, 688-89 (9th Cir. 2001). A matter may be judicially noticed if it is either "generally known within the territorial jurisdiction of the trial court" or "can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned." Fed. R. Evid. 201(b). In addition, under the "incorporation by reference" doctrine, a district court may consider "documents whose contents are alleged in a complaint and whose authenticity no party questions, but which are not physically attached to the [plaintiff's] pleading." *Knievel v. ESPN*, 393 F.3d 1068, 1076 (9th Cir. 2005) (alteration in

As part of the MPSA, DK agreed to certain obligations, including funding the operations of a ranch located in Montana, which Plaintiff and DK each owned as 50% beneficiaries. *Id.* ¶¶ 12, 13. In February 2010, DK defaulted on his obligations under the MPSA. *Id.* ¶ 14. On May 6, 2010, DK testified that he was no longer able to make the ranch payments. *Id.* ¶ 15.

In addition to his default, Plaintiff alleges that DK defrauded her in a number of ways. Relevant to the present Motion is that Plaintiff alleges DK transferred certain joint assets to JK: AGIS Shares (*Id.* ¶ 26); EzRez Shares (*Id.* ¶ 28); Los Altos Interests (*Id.* ¶ 30); and Whitehat Shares (*Id.* ¶38) (collectively, the "Assets"). Plaintiff claims that DK transferred these assets after his default, between December 31, 2010 and January 29, 2011, without disclosing the transfers to her or otherwise publicly disclosing them. *Id.* ¶¶ 25-43, 50-52.

Plaintiff refers to Defendants as "insiders" – JK is DK's brother, and the Deans have a close personal and business relationship with him. *Id.* ¶¶ 47-49. DK is not a party to this action – Plaintiff alleges that he transferred substantial sums of money and absconded to China. *Id.* ¶ 46.

In an order issued on October 16, 2013, the Montana Eleventh Judicial District Court awarded Plaintiff $962,576.14 against DK and set the MPSA aside on the grounds of perjury. *Id.*, Ex. 2 at 12. As to the assets transferred to Defendants, the Montana Court awarded them to Plaintiff *nunc pro tunc* as of March 17, 2008. *Id.*, Ex. 2 at 13. Plaintiff demanded that Defendants return the assets to her, but they ignored her demands. FAC ¶ 71.

Plaintiff filed her initial Complaint on November 25, 2013. Dkt. No. 1. She alleged six causes of action against Defendants[2]: (1) Actual Fraudulent Transfer under California Civil Code section 3439.04; (2) Constructive Fraudulent Transfer under California Civil Code section 3439.05; (3) Common Law Fraudulent Transfer; (4) Unjust Enrichment; (5) Replevin; and (6) Breach of Constructive Trust. Compl. ¶¶ 71-95, Dkt. No. 1.

On December 20, 2013, the Deans filed a Motion to Dismiss, arguing that (1) Plaintiff

---

original) (internal quotation marks omitted). The Court finds the MPSA and attachments thereto to be appropriate for judicial notice, as Plaintiff admits in her FAC that the parties entered into the agreement on March 10, 2008, and the FAC specifically references the document throughout. FAC ¶¶ 10-14, 45, 56.

[2] Plaintiff's initial Complaint included claims against Ann R. Wells. However, as Ms. Wells is deceased, Plaintiff dismissed her from the case on January 2, 2014. Dkt. No. 16.

failed to allege facts sufficient to state a claim for fraudulent conveyance, as she failed to satisfy the heightened pleading requirement of Federal Rule of Civil Procedure 9(b); (2) unjust enrichment is a remedy, not a cause of action; (3) Plaintiff failed to state a claim for replevin because intangible ownership interests may not be replevied; and (4) Plaintiff could not state an independent cause of action for constructive trust because California law does not recognize such an action. Dkt. No. 11.

On January 9, 2014, the Court granted in part and denied in part the Deans' Motion. *Order re: Motion to Dismiss*, Dkt. No. 22. As to Plaintiffs' actual and common law fraudulent transfer claims, the Court dismissed her claims with leave to amend, finding that Plaintiff failed to describe conduct on Defendants' part that constitutes fraud, and that she must provide an account of the time, place, and specific content of the false representations, not just the identities of the parties to the misrepresentations. *Id.* at 9, 10. The Court denied the Deans' Motion as to Plaintiffs' remaining claims. *Id.* at 9-14.

Plaintiff filed her FAC on January 27, 2014, alleging seven causes of action: (1) Actual Fraudulent Transfer under California Civil Code section 3439.04 (against JK only); (2) Constructive Fraudulent Transfer under section 3439.05; (3) Common Law Fraudulent Transfer (against JK only); (4) Breach of Quasi-Contract/Unjust Enrichment; (5) Replevin; (6) Breach of Constructive Trust; and (7) Conversion (against JK only). FAC ¶¶ 74-109.

On February 10, 2014, JK filed the present Motion to Dismiss. In his Motion, JK argues that Plaintiff has failed to allege her actual and common law fraud claims against him with the requisite degree of particularity. Mot. at 4. JK further argues that Plaintiff's remaining claims fail to adequately state facts upon which to base her claims. *Id.* at 5. Plaintiff filed her Opposition on March 3, 2014 (Dkt. No. 37), and JK filed a Reply on March 17, 2014 (Dkt. No. 38).[3]

## LEGAL STANDARD

Under Federal Rule of Civil Procedure ("Rule") 12(b)(6), a party may file a motion to dismiss based on the failure to state a claim upon which relief may be granted. A Rule 12(b)(6)

---

[3] On March 18, 2014, Plaintiff filed a Motion for Leave to File a Sur-Reply. As the Court need not address the issues raised in the proposed sur-reply, the request is DENIED AS MOOT.

motion challenges the sufficiency of a complaint as failing to allege "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). A facial plausibility standard is not a "probability requirement" but mandates "more than a sheer possibility that a defendant has acted unlawfully." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (internal quotations and citations omitted). For purposes of ruling on a Rule 12(b)(6) motion, the court "accept[s] factual allegations in the complaint as true and construe[s] the pleadings in the light most favorable to the non-moving party." *Manzarek v. St. Paul Fire & Marine Ins. Co.*, 519 F.3d 1025, 1031 (9th Cir. 2008). "[D]ismissal may be based on either a lack of a cognizable legal theory or the absence of sufficient facts alleged under a cognizable legal theory." *Johnson v. Riverside Healthcare Sys.*, 534 F.3d 1116, 1121 (9th Cir. 2008) (internal quotations and citations omitted); *see also Neitzke v. Williams*, 490 U.S. 319, 326 (1989) ("Rule 12(b)(6) authorizes a court to dismiss a claim on the basis of a dispositive issue of law").

Even under the liberal pleading standard of Rule 8(a)(2), under which a party is only required to make "a short and plain statement of the claim showing that the pleader is entitled to relief," a "pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'" *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 555.) "[C]onclusory allegations of law and unwarranted inferences are insufficient to defeat a motion to dismiss." *Adams v. Johnson*, 355 F.3d 1179, 1183 (9th Cir. 2004); *see also Starr v. Baca*, 652 F.3d 1202, 1216 (9th Cir. 2011) ("[A]legations in a complaint or counterclaim may not simply recite the elements of a cause of action, but must contain sufficient allegations of underlying facts to give fair notice and to enable the opposing party to defend itself effectively"). The court must be able to "draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 663. "Determining whether a complaint states a plausible claim for relief . . . [is] a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.* at 663-64.

If a Rule 12(b)(6) motion is granted, the "court should grant leave to amend even if no request to amend the pleading was made, unless it determines that the pleading could not possibly be cured by the allegation of other facts." *Lopez v. Smith*, 203 F.3d 1122, 1127 (9th Cir. 2000) (en

banc) (internal quotation marks and citations omitted).

## DISCUSSION

**A.  MPSA**

As a preliminary matter, JK argues that Plaintiff's fraud claims must fail because the MPSA and the documents attached to it disclosed the assets whose existence Plaintiff now claims were fraudulently hidden from her. Mot. at 2, 6. In response, Plaintiff argues that disclosure of the assets has already been finally adjudicated by the Montana Court, and that court's judgment cannot be undone in this proceeding. Opp'n at 7-9. Plaintiff further argues that, regardless of whether DK disclosed the interests, this issue is irrelevant to any issue in this case as it does not go to prove or disprove any claims asserted here. *Id.* at 9. The Court agrees that this issue is not relevant to the present Motion – it is enough that Plaintiff alleges DK fraudulently transferred interests without disclosing the transfers to her or otherwise publicly disclosing them. FAC ¶¶ 25-43, 50-52. Accordingly, the Court need not concern itself with whether DK disclosed the assets to Plaintiff.

**B.  Actual and Common Law Fraudulent Transfer Claims**

1.  Actual Fraudulent Transfer

In her claim for Actual Fraudulent Transfer against JK, Plaintiff alleges that DK transferred the Assets to JK with the intent to hinder or delay her collection of the debt DK owed to her. FAC ¶¶ 74-75. JK argues that her claim fails to identify the time, place or specific content of any allegedly false representations or fraudulent conduct on his part. Mot. at 4-5. Specifically, JK argues that there is no allegation of wrongdoing by him, and the FAC contains only a conclusory allegation that he conspired with DK with the intent and purpose of assisting DK to defraud Plaintiff. *Id.* at 5. JK maintains that "[t]he only substantive difference between the complaint and the FAC is that Plaintiff, acknowledging that she had not pleaded the fraud claims with sufficient particularity, dropped those claims against the Dean Parties," and that she "should have done the same against Defendant JK." *Id.* at 5.

As discussed in its previous Order, Plaintiff may allege actual fraud against Defendants if they as transferees colluded with the debtor (DK) or otherwise actively participate in the

5

fraudulent scheme of the debtor. *Order re: Motion to Dismiss* at 6-8, Dkt. No. 22. Plaintiff's claims are subject to Rule 9(b) and therefore must be pled with particularity the circumstances surrounding the alleged fraud. *Id.* at 8, 10; *Kearns v. Ford Motor Co.*, 567 F.3d 1120, 1124 (9th Cir. 2009). To satisfy the heightened standard, allegations must be "specific enough to give defendants notice of the particular misconduct which is alleged to constitute the fraud charged so that they can defend against the charge and not just deny that they have done anything wrong." *Semegen v. Weidner*, 780 F.2d 727, 731 (9th Cir. 1985). This includes "the who, what, when, where, and how of the misconduct charged." *Vess v. Ciba-Geigy Corp. USA*, 317 F.3d 1097, 1106 (9th Cir. 2003). Thus, claims sounding in fraud must allege "an account of the time, place, and specific content of the false representations as well as the identities of the parties to the misrepresentations." *Swartz v. KPMG LLP*, 476 F.3d 756, 764 (9th Cir. 2007) (per curiam) (internal quotations omitted).

Plaintiff claims that DK transferred the assets to JK after his default, between December 31, 2010 and January 29, 2011. FAC ¶¶ 25-31, 38-39. Under section 3439.04, "[a] transfer made or obligation incurred by a debtor is fraudulent as to a creditor . . . if the debtor made the transfer or incurred the obligation . . . [w]ith actual intent to hinder, delay, or defraud any creditor of the debtor." Cal. Civ. Code § 3439.04(a). Fraudulent intent under this section may be proven on the basis of circumstantial evidence. *In re AFI Holding, Inc.*, 525 F.3d 700, 704 (9th Cir. 2008). Section 3439.04 recounts a number of helpful factors that may be given consideration; this list "is meant to provide guidance to the trial court . . . ." *Filip v. Bucurenciu*, 129 Cal. App. 4th 825, 834 (2005). These factors include:

> (1) Whether the transfer or obligation was to an insider.
>
> (2) Whether the debtor retained possession or control of the property transferred after the transfer.
>
> (3) Whether the transfer or obligation was disclosed or concealed.
>
> (4) Whether before the transfer was made or obligation was incurred, the debtor had been sued or threatened with suit.
>
> (5) Whether the transfer was of substantially all the debtor's assets.
>
> (6) Whether the debtor absconded.

>(7) Whether the debtor removed or concealed assets.
>
>(8) Whether the value of the consideration received by the debtor was reasonably equivalent to the value of the asset transferred or the amount of the obligation incurred.
>
>(9) Whether the debtor was insolvent or became insolvent shortly after the transfer was made or the obligation was incurred.
>
>(10) Whether the transfer occurred shortly before or shortly after a substantial debt was incurred.
>
>(11) Whether the debtor transferred the essential assets of the business to a lienholder who transferred the assets to an insider of the debtor.

Cal. Civ. Code § 3439.04(b).

Several of these factors are present in Plaintiff's FAC. Plaintiff alleges that JK is an insider because he is DK's brother. The Ninth Circuit has recognized that "a special relationship between the debtor and the transferee" is one of the "more common circumstantial indicia of fraudulent intent." *In re Acequia, Inc.*, 34 F.3d 800, 806 (9th Cir. 1994) (italics omitted) (quoting *Max Sugarman Funeral Home, Inc. v. A.D.B. Investors*, 926 F.2d 1248, 1254 (1st Cir. 1991)). This can include a "family, friendship, or close associate relationship." *Max Sugarman Funeral Home*, 926 F.2d at 1254 (internal quotation omitted).

Plaintiff also alleges that at the time of the transfers, DK did not disclose them to her. FAC ¶ 50. She further alleges that the transfers were never publicly disclosed, or disclosed in a way that could reasonably have become known to Plaintiff. *Id.* ¶ 52.

As to the timing of the transfer, Plaintiff alleges that DK had incurred the obligation to fund the Ranch before the transfers were made, and that the transfers occurred less than a year after DK was held personally liable. *Id.* ¶¶ 53, 62. Plaintiff also alleges that JK knew, or reasonably should have known, that DK was insolvent as of the date of the transfers. Specifically, as of the dates of the transfers, Plaintiff alleges that the sum of DK's debts was greater than all of the debtor's assets, at a fair valuation, and that as of the dates of the transfers, DK was generally not paying his debts as they came due, primarily being the monthly payment that he was obligated under the MPSA to pay to the Ranch. *Id.* ¶¶ 44-45.

Plaintiff also alleges that the transfer was made without consideration, because DK

admitted that the transfers to JK "were gifts wholly without consideration of any kind." *Id.* ¶ 75.

Finally, Plaintiff alleges that DK has absconded and removed assets to China. *Id.* ¶ 46.

Given these allegations, the Court finds that Plaintiff has satisfied the pleading requirements of Rule 9(b) as to DK. *See In re Acequia, Inc.*, 34 F.3d at 806 ("The presence of a single badge of fraud may spur mere suspicion; the confluence of several can constitute conclusive evidence of actual intent to defraud, absent 'significantly clear' evidence of a legitimate supervening purpose."); *Kennedy Funding, Inc. v. Chapman*, 2010 WL 2528729, at *9 (N.D. Cal. June 18, 2010) (finding that "who, what, where, when, and how" particularity requirements under Rule 9(b) were satisfied where the plaintiff alleged that the debtor transferred certain proceeds with actual intent to hinder the plaintiff, the debtor did not receive reasonably equivalent value from the transferee, and that the debtor was insolvent at the time of the transfer). While Plaintiff has not established that JK as transferee colluded with DK or otherwise actively participated in DK's fraudulent scheme, she has pled enough facts to state a claim to relief that is plausible on its face, and requiring Plaintiff to file a second amended complaint would only serve to delay the proceedings. The Court therefore DENIES JK's Motion to Dismiss the actual fraudulent transfer claim against JK.

### 2. Common Law Fraudulent Transfer

Plaintiff also brings a separate cause of action for common law fraudulent transfer against JK. As the Court explained in its previous Order, the elements for a fraudulent transfer claim under common law are the same as under section 3439. *Order re: Motion to Dismiss* at 10. Thus, as the same analysis applies to both causes of action, the Court DENIES JK's Motion to Dismiss the common law fraudulent transfer claim.

### B. Plaintiff's Other Claims

As to Plaintiff's remaining claims, JK argues generally that Plaintiff's FAC is devoid of any factual allegations that are not purely conclusory legal statements. Mot. at 6. He further argues that "the plausibility of Plaintiff's allegations are suspect based on the [MPSA] that w[as] signed by Plaintiff and which show[s] that, contrary to assertions made in her complaint, the assets that she now seeks to recover were disclosed to her as part of the divorce negotiations and

8

settlement." *Id.* He maintains that these documents "call into question the basis for, the truthfulness, and therefore the plausibility of Plaintiff's claims." JK provides no authority in support of his argument that Plaintiff's entire FAC must be dismissed based on the MPSA. Regardless, for the reasons explained in its previous Order, the Court finds it prudent to allow these claims to proceed at this stage. Accordingly, JK's Motion is DENIED as to Plaintiff's remaining claims.[4]

### C. Damages Claim

In her FAC, Plaintiff seeks money damages in an amount equal to the fair market value of the assets. FAC at 29. JK argues that Plaintiff's claim for damages as an alternative to recovery of the assets must fail because California Code of Civil Procedure section 3439.07 establishes the remedies for a fraudulent transfer, and they do not include damages. Mot. at 6. However, as Plaintiff argues in her Opposition, section 3439.08 provides that a creditor can recover a money judgment against a transferee. Cal. Civ. Code § 3439.08; *see also Renda v. Nevarez*, 223 Cal. App. 4th 1231, ___, 167 Cal. Rptr. 3d 874, 876 (2014) (trial court properly set aside transfers under section 3439.07 and separately entered money judgment under section 3439.08 against the defaulting defendants as transferees). Accordingly, the Court DENIES JK's Motion as to Plaintiff's damages claim.

## CONCLUSION

Based on the analysis above, the Court DENIES JK's Motion to Dismiss.

**IT IS SO ORDERED.**

Dated: March 19, 2014

_____
MARIA-ELENA JAMES
United States Magistrate Judge

---

[4] Plaintiff's FAC includes a claim for Conversion, which she did not allege in her original Complaint. However, as JK has failed to make any argument specific to this cause of action, the Court finds no reason to dismiss it at this stage.