UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| AMBER KELLEHER, | Case No. 13-cv-05450-MEJ |
| Plaintiff, | |
| | **ORDER GRANTING MOTION FOR LEAVE TO FILE THIRD AMENDED COMPLAINT** |
| v. | |
| JOHN E. KELLEHER, | Re: Dkt. No. 107 |
| Defendant. | |

Pending before the Court is Plaintiff Amber Kelleher's Motion for Leave to File Third Amended Complaint pursuant to Federal Rule of Civil Procedure 15(a). Dkt. No. 107. Plaintiff seeks to make the following changes: (1) drop her claims against Defendant John E. Kelleher in relation to fraudulent transfers of equity in three of the four companies previously identified by Plaintiff; (2) drop three of her previously seven claims against Defendant; and (3) add a new factual allegation, which is that on or about July 1, 2011, Defendant liquidated certain shares that he received from the debtor for $433,000. Defendant John E. Kelleher has not filed an opposition. The Court finds this matter suitable for disposition without oral argument and VACATES the July 2, 2015 hearing. *See* Fed. R. Civ. P. 78(b); Civil L.R. 7-1(b).

Federal Rule of Civil Procedure 15 provides that a party may amend its pleading once as a matter of course within (1) 21 days after serving the pleading or (2) 21 days after the earlier of service of a responsive pleading or service of a Rule 12(b) motion. Fed. R. Civ. P. 15(a)(1). Outside of this timeframe, "a party may amend its pleading only with the opposing party's written consent or the court's leave," though the court "should freely give leave when justice so requires." Fed. R. Civ. P. 15(a)(2). "Although the rule should be interpreted with 'extreme liberality,' leave to amend is not to be granted automatically." *Jackson v. Bank of Hawaii*, 902 F.2d 1385, 1387

United States District Court
Northern District of California

United States District Court
Northern District of California

1   (9th Cir. 1990) (citation omitted).  A court considers five factors in determining whether to grant

2   leave to amend: "(1) bad faith, (2) undue delay, (3) prejudice to the opposing party, (4) futility of

3   amendment; and (5) whether plaintiff has previously amended his complaint." *In re Western*

4   *States Wholesale Nat. Gas Antitrust Litig.*, 715 F.3d 716, 738 (9th Cir. 2013) (quoting *Allen v.*

5   *City of Beverly Hills*, 911 F.2d 367, 373 (9th Cir. 1990)).  "Prejudice to the opposing party is the

6   most important factor." *Jackson*, 902 F.2d at 1387.

7           Here, given the largely administrative nature of Plaintiff's amendments, and the fact that

8   Defendant has set forth no opposition to Plaintiff's motion, the Court finds good cause for leave to

9   amend.  There is no evidence of bad faith or undue delay in seeking to amend.  Further, "[t]he

10  party opposing amendment bears the burden of showing prejudice," *see DCD Programs, Ltd. v.*

11  *Leighton*, 833 F.2d 183, 187 (9th Cir. 1987), and Defendant has set forth no showing whatsoever.

12  Further, although Plaintiff has previously amended her complaint in this case, there is no issue

13  regarding futility as Plaintiff's proposed amendments actually drop rather than add claims.

14          Accordingly, the Court **GRANTS** Plaintiff's Motion to Amend.  Plaintiff shall efile the

15  Third Amended Complaint by June 10, 2015.  No chambers copy is required.

16          **IT IS SO ORDERED.**

17

18  Dated: June 9, 2015

19                                                    _____

20                                                    MARIA-ELENA JAMES
                                                      United States Magistrate Judge

21

22

23

24

25

26

27

28