UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| AMBER KELLEHER,<br><br>   Plaintiff,<br><br>   v.<br><br>JOHN E. KELLEHER,<br><br>   Defendant. | Case No. 13-cv-05450-MEJ<br><br>**RULE 56(F) NOTICE AND ORDER FOR SUPPLEMENTAL BRIEFING** |

Plaintiff Amber Kelleher brings this action against Defendant John E. Kelleher, alleging that her ex-husband and Defendant's brother, Daniel J. Kelleher ("Daniel"), fraudulently transferred shares of WhiteHat Securities, Inc. to Defendant in December 2010. Third Am. Compl. ("TAC"), Dkt. No. 118. Plaintiff alleges four causes of action against Defendant: (1) Actual Fraudulent Transfer under California Civil Code section 3439.04; (2) Constructive Fraudulent Transfer under California Civil Code section 3439.05; (3) Common Law Fraudulent Transfer; and (4) Breach of Quasi-Contract/Unjust Enrichment. *Id.* Currently pending before the Court is Plaintiff's Motion for Summary Judgment on her Constructive Fraudulent Transfer claim under California's Uniform Fraudulent Transfer Act ("UFTA"), Cal. Civ. Code § 3439.05. Dkt. No. 109-11. Defendant did not file a cross motion for summary judgment. The dispositive motion deadline passed on May 28, 2015. Dkt. No. 106 at 2.

On July 23, 2015, the Court held a hearing on Plaintiff's Motion. As noted at the hearing, Defendant's Opposition to Plaintiff's Motion asserts that, although he received the WhiteHat shares from Daniel, Defendant reconveyed the proceeds of the sale of those shares back to Daniel in December 2011. Dkt. No. 124 at 23 (citing Geonetta Decl., Ex. 22 (John Kelleher Dep. 16:21-

17:13[1]), Dkt. No. 122-1).  Defendant thus asserts Plaintiff has suffered "no conceivable injury." *Id.*  Plaintiff disputes this assertion but does not dispute that Defendant reconveyed the proceeds of the WhiteHat shares to Daniel in December 2011.  Reply at 18-19, Dkt. No. 128.  At the hearing, Plaintiff's counsel confirmed that Plaintiff does not dispute this reconveyance occurred.  Aside from Defendant's deposition testimony, neither party submitted evidence of this reconveyance, such as fund transfer receipt, bank statement, etc.

In considering Plaintiff's Motion, the Court has encountered case law from other courts indicating the reconveyance of a transferred asset may release the transferee from liability under similar enactments of the UFTA.  *See, e.g.*, *Robinson v. Coughlin*, 266 Conn. 1, 2 (Conn. 2003) (concluding that "a transferee may not be held liable for damages" where "the transferee reconveys those assets to the transferor and there is no claim that the assets depreciated in value between the time of the fraudulent transfer and the time of the reconveyance"); *Northborough v. Risley*, 384 Mass. 348, 348-51 (Mass. 1981) (finding the transferee not liable after transferee sold the asset but reconveyed its value to the debtor by paying him the net proceeds from the sale, noting that "the change in the form of the asset is not dispositive"); *see also* 37 Am. Jur. 2d Fraudulent Conveyances and Transfers § 114 ("[I]t has been said that while a fraudulent grantee is under no legal obligation to reconvey, he or she is under a moral obligation to do so.  Therefore, all acts done by him or her in execution of this duty should be favorably considered in equity since the moral obligation is a valuable and sufficient consideration for a reconveyance.").  Although there appears to be no California case law directly on point, Defendant's reconveyance of the proceeds of the shares back to Daniel may be grounds for summary judgment in Defendant's favor on Plaintiff's Constructive Fraud Claim under the UFTA.[2]

---

[1] This appears to be incorrectly cited.  Defendant only attached pages 17 and 18 of his deposition, and the cited line numbers do not correspond to the proposition for which Defendant cites them. *See* Dkt. No. 122-1.  Nonetheless, this portion of the deposition indicates Defendant "returned the cash in White Hat to Dan" and the "cash that was given to Dan was in the fourth quarter." *Id.* at 18:5-25.

[2] At the hearing, Defendant seemed to misconstrue the Court's analysis on this issue, instead arguing that Plaintiff is not a "Creditor" under the UFTA because she did not have a "Claim" against Daniel until October 2013 when the Montana court's judgment gave her title to all of the allegedly undisclosed marital assets. *See* Opp'n at 20.  But this argument does not comport with

Under Federal Rule of Civil Procedure 56(f), the Court has the power to *sua sponte* enter summary judgment on behalf of a nonmovant "[a]fter giving notice and a reasonable time to respond." Fed. R. Civ. P. 56(f); *Norse v. City of Santa Cruz*, 629 F.3d 966, 971 (9th Cir. 2010), *cert. denied*, 132 S.Ct. 112 (2011); *see also Celotex Corp. v. Catrett*, 477 U.S. 317, 326 (1986) ("[D]istrict courts are widely acknowledged to possess the power to enter summary judgments *sua sponte*, so long as the losing party was on notice that she had to come forward with all of her evidence."). "A district court maintains the discretion to grant a non-moving party summary judgment, even where the nonmovant does not file a cross-motion for summary judgment." *N. Coast Med., Inc. v. Hartford Fire Ins. Co.*, 2014 WL 605672, at *4 (N.D. Cal. Feb. 17, 2014) (quoting *Acton v. City of Columbia, Mo.*, 436 F.3d 969, 980 n.5 (8th Cir. 2006)).

In light of the foregoing, the Court is inclined to grant summary judgment in Defendant's favor on Plaintiff's Constructive Fraudulent Transfer claim[3] under the UFTA given his reconveyance of the proceeds of the WhiteHat shares to Daniel. This Order serves as notice of the Court's current inclination, and accordingly, the Court permits Plaintiff reasonable time to respond. Plaintiff may submit supplemental briefing addressing how Defendant's reconveyance of the assets impacts her UFTA Constructive Fraudulent Transfer claim. Plaintiff's response should be no longer than 15 pages, exclusive of supporting evidence, and must be filed **by August 7, 2015**.

Defendant may submit a response **by August 14, 2015**; however, this is not an invitation for Defendant to delve into issues not raised in this Order or to submit a late-filed summary

---

the definitions set forth in the UFTA. The UFTA defines a "Creditor" as "a person who has a claim, and includes an assignee of a general assignment for the benefit of creditors, as defined in Section 493.010 of the Code of Civil Procedure, of a debtor." Cal. Civ. Code § 3439.01(c). It defines a "Claim" as "a right to payment, *whether or not the right is reduced to judgment*, liquidated, unliquidated, fixed, contingent, matured, unmatured, disputed, undisputed, legal, equitable, secured, or unsecured." *Id.* § 3439.01(b) (emphasis added). Thus, by the terms of the statute, Defendant's argument that Plaintiff is not a "Creditor" fails.

[3] At this time, the Court's Rule 56(f) Notice only applies to Plaintiff's second cause of action for Constructive Fraudulent Transfer under the UFTA. Plaintiff's other claims may also be implicated by the reconveyance of the proceeds of the shares to Daniel, but other factors, including the potential existence of prejudgment interest and other facts not presently before the Court, may permit those claims to proceed.

1  judgment motion.  The dispositive motion deadline has passed.  Defendant's response should be
2  no longer than 10 pages, exclusive of supporting evidence.
3      **IT IS SO ORDERED.**

5  Dated: July 24, 2015

_____
MARIA-ELENA JAMES
United States Magistrate Judge